UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD TORRES,<br><br>          Plaintiff,<br>  v.<br><br>CAMDEN COUNTY JAIL,<br><br>          Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-cv-01688 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

Edward Torres, Plaintiff Pro Se
433 N. 7th Street, Apt 15 N.
Somerdale, NJ 08102

**SIMANDLE, District Judge:**

    1.   Plaintiff Edward Torres seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the Complaint with prejudice in part and dismiss it without prejudice in part. The Complaint: (a) is dismissed with prejudice as to claims made against defendant CCJ; (b) is dismissed without prejudice for failure to state a claim as to conditions of confinement regarding overcrowding allegations, 28 U.S.C. § 1915(e)(2)(b)(ii); (c) is dismissed without prejudice as to Plaintiff's conditions of confinement claim regarding denial of medical care and (d) is dismissed without prejudice as to Plaintiff's jail conditions claim for provision of basic hygiene products ("Jail Hygiene Conditions Claim"). Plaintiff may file an amended complaint within 60 days after the date of this Opinion that identifies by name the party(ies) who are allegedly liable under the Jail Hygiene Conditions Claim. Any such amended complaint shall be subject to screening under 28 U.S.C. § 1915. Upon Plaintiff's failure to file an amended complaint naming the party(ies) whom she alleges are liable under the Jail Hygiene Conditions Claim, such claim shall be subject to dismissal without further notice for failure to state a claim.

### Standard of Review

4. To survive *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### **Claims Against CCJ: Dismissed With Prejudice**

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

7. In the Complaint, Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

4

meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

### **Conditions Of Confinement Claim - Overcrowding Allegation: Dismissed Without Prejudice**

8. As to Plaintiff's allegations of overcrowding at CCJ (*e.g.*, Complaint § IV (alleging injuries "sleeping on the floor")), the Court will dismiss the Complaint without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(b)(ii), for the reasons set forth below.

9. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. With respect to alleged facts giving rise to his claims, Plaintiff states: "For sleeping on the floor cause bad back pain." Complaint § III(C).

11. Plaintiff is seeking "compensation according to my human right[s]." *Id*. § V.

12. Plaintiff's claims as to conditions of confinement arising from purported CCJ overcrowding must be dismissed because the Complaint does not set forth enough factual support for the Court to infer that a constitutional violation has occurred.

13. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the

conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

    14.   Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 60 days of the date of this Opinion.[3]

    15.   Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement, including the dates. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation

---

[3] The amended complaint shall be subject to screening prior to service.

has occurred in order to survive this Court's review under § 1915.[4]

16. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended

---

[4] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to March 13, 2015, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it shall be limited to confinements in which Plaintiff was released after March 13, 2015.

complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and Order.

**Conditions of Confinement Claim- Allegations of Inadequate Medical Care: Dismissed without Prejudice**

17. Plaintiff contends that he suffered from "bad back and neck pain no one never did anything I dropped medical slipes [sic] letting medical staff aware of the situation and nothing was done being overcrowded in a room" (referred to hereinafter as "Medical Care Claim"). Complaint § IV.

18. Given that such allegations are insufficient to plead unconstitutional conditions of confinement as to the adequacy of medical care, the Court will dismiss the Medical Care Claim without prejudice.

19. The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). "[T]he Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment" (*Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)), and most cases have stated that, at a minimum, the Eighth Amendment's "deliberate indifference" standard will suffice. In other words, substantive due process rights are violated only

9

when the behavior of the government official is so egregious and outrageous that it "shocks the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).

20. Applying this principle in the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements to set forth a cognizable cause of action: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

21. To satisfy the first prong of the *Estelle* inquiry, an inmate must demonstrate that her medical needs are serious. The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted). When evaluating this first element under *Estelle,* courts consider factors such

as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp.2d 284, 289 (D.N.J. 1998).

22. The second element of the *Estelle* test is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence[,] *Nicini v. Morra*, 212 F.3d 798, 815 n. 14 (3d Cir. 2000) [and] in situations where 'necessary medical treatment is delayed for non-medical reasons.' *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)[,] [*cert. denied*, 486 U.S. 1006 (1988)]." *Natale*, 318 F.3d at 582.

23. Here, Plaintiff's non-specific assertions regarding "bad back and neck pain" (Complaint § IV) are insufficient to meet this pleading standard. Plaintiff offers no facts to satisfy either of the two prongs required for his Medical Care Claim. *Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582.

24. First, the Complaint is silent with respect to facts relevant to establishing *Estelle*'s "serious condition" element, demonstrating that Plaintiff's supposed "bad back" or "neck pain" (Complaint § IV): "(1) has been diagnosed by a physician as requiring treatment"; (2) "was so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) was a condition for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson*, 316 F.3d at 272-73. The Complaint omits facts required to demonstrate "serious condition," such as: the nature, symptoms, and severity of Plaintiff's conditions as a result of allegedly denied medical care. Accordingly, Plaintiff has not satisfied *Estelle*'s "serious condition" element for a Fourteenth Amendment claim.

25. Second, Plaintiff has not alleged any facts suggesting deliberate indifference by any defendant to satisfy *Estelle*'s subjective prong, under which Plaintiff must demonstrate that prison officials acted with "deliberate indifference to h[er] serious medical need[s]." *Holder*, 2005 WL 1522130, at *4 (citing

*Natale*, 318 F.3d at 582). For example, Plaintiff here sets forth no allegations as to whether any defendant deliberately ignored his non-specific "bad back and neck pain" (Complaint at 5) without justification or with the intent to punish Plaintiff. *See, e.g.*, *Mattern v. City of Sea Isle*, 131 F. Supp.3d 305, 316 (D.N.J. 2015) (citing *Nicini*, 212 F.3d at 815 n.14) ("[T]he Third Circuit has found deliberate indifference in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence"). Furthermore, the Complaint does not set forth any contentions that are necessary to describe how individual defendants were personally involved with and deliberately indifferent to Plaintiff's purportedly serious medical needs. Plaintiff's bare allegation that he "dropped medical slipes [sic] letting medical staff aware of the situation and nothing was done" (Complaint § IV) is insufficient, without more, to establish "deliberate indifference" for a Fourteenth Amendment claim under *Estelle*. *See Parkell v. Markell*, 662 F. App'x 136, 142 (3d Cir. 2015) (plaintiff "had no constitutionally protected liberty interest in receiving a particular result through the prison grievance process").

26. Therefore, the Court finds that Plaintiff's Medical Care Claim has failed to state a cause of action under the Fourteenth Amendment. Such claim will be dismissed without

prejudice and with leave to amend the Complaint, within 60 days after the date this Opinion and Order are entered on the docket, to meet the pleading deficiencies noted above, if Plaintiff elects to pursue this claim. The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and accompanying Order.

### Conditions Of Confinement Claim – Allegations Regarding Jail Conditions As To Provision Of Basic Hygiene Products And Clean Clothes: Dismissed Without Prejudice

1. The Court dismisses without prejudice the Plaintiff's conditions of confinement claim regarding jail conditions for provision of basic hygiene products ("Jail Hygiene Conditions Claim").

2. Plaintiff states that while incarcerated, he "ask[ed] for sanitary paper the Cos would say they were out and they wouldn't do anything about it." *Id*. § III(C).

3. "A conditions of confinement claim is a constitutional attack on the general conditions, practices, and restrictions of pretrial or other detainee confinement. A constitutional violation exists if the court finds that the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective." *Al-Shahin v. U.S. Dep't of Homeland Sec.*, No. 06-5261, 2007 WL 2985553, at *9 (D.N.J. Oct. 4, 2007) (citing *Bell*, 441 U.S. at 538-39).

4. "Analysis of whether a pre-trial detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court." *Alexis v. U.S. Dep't of Homeland Sec.*, No. 05-1484, 2005 WL 1502068, at *10 (D.N.J. June 24, 2005) (citing *Bell v. Wolfish,* 441 U.S. 520 (1979) and *Fuentes v. Wagner*, 206 F.3d 335, 341-42 (3d Cir. 2000)). "[D]enial of the 'minimal civilized measure of life's necessities,' *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), which would include basic sanitary conditions, would be sufficient to state an actionable constitutional deprivation. Further, unsafe, unsanitary and inadequate conditions do not appear reasonably related to a legitimate, non-punitive governmental objective." *Al-Shahin*, 2007 WL 2985553, at *10 (allowing plaintiff's claims of (a) denial of basic hygiene products and clothing (which were mandated by the detention facility's manual) and (b) severe overcrowding (such as sleeping and eating in close proximity to dirty toilets, vermin-infested cells, and poor ventilation) to proceed as claim of unconstitutional conditions of confinement). *Accord Gonzalez-Cifuentes v. U.S. Dep't of Homeland Sec.*, No. 04-4855, 2005 WL 1106562, at *12 (D.N.J. May 3, 2005).

5. While the Constitution "does not mandate comfortable prisons" (*Rhodes*, 452 U.S. at 349), Plaintiff's allegations of not receiving "pads, toilet tissue, toothpaste and sometimes soap[,] along with clean wash cloths" (Complaint § V) during two

15

months of incarceration. (*id*. §§ III(B)-(C)) encompass "basic sanitary conditions." *Rhodes*, 452 U.S. at 347.

6. Accordingly, Plaintiff's Jail Hygiene Conditions Claim is dismissed without prejudice. This Court grants Plaintiff leave to file an amended complaint, and the Court notes for Plaintiff that he bears the burden of supplying the facts of his claim, including identification of the particular party(ies) whom he alleges are liable under this claim. *Mala*, 704 F.3d at 245; *Pliler*, 542 U.S. at 231.

## Conclusion

7. For the reasons stated above, Plaintiff's Complaint is: (a) is dismissed with prejudice as to claims made against CCJ; (b) is dismissed without prejudice for failure to state a claim as to conditions of confinement regarding overcrowding; (c) is dismissed without prejudice for failure to state a claim as to conditions of confinement regarding alleged inadequate medical care; and (d) is dismissed without prejudice as to Plaintiff's Jail Hygiene Conditions Claim. Plaintiff may file an amended complaint within 60 days after the date this Opinion and Order are entered on the docket that identifies by name the party(ies) whom Plaintiff alleges are liable under the Jail Hygiene Conditions Claim. Any such amended complaint shall be subject to screening under 28 U.S.C. § 1915. Upon Plaintiff's failure to file an amended complaint naming the party(ies) whom

he alleges are liable under the Jail Hygiene Conditions Claim, such claim shall be subject to dismissal without further notice for failure to state a claim.

    8. An appropriate order follows.


**June 8, 2017**                                                 **s/ Jerome B. Simandle**
Date                                                           JEROME B. SIMANDLE
                                                                 U.S. District Judge